JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5919 GAF (SHx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Evelyn Tinoco et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Chris Silva for Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**       (In Chambers)

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

Plaintiff Federal National Mortgage Association ("FNMA") filed this unlawful detainer action against Defendants Evelyn Tinoco and Elisa Chavez in Los Angeles County Superior Court.  (Docket No. 1 [Not. of Removal], Ex. A [Compl.].)  Plaintiff alleges that it purchased Defendants' real property in Lakewood, California by virtue of a lawful foreclosure sale on August 26, 2011, that Defendants refuse to quit the premises, and that Plaintiff has accrued damages at the rate of $50.00 per day since October 1, 2011.  (Id. ¶¶ 8, 11.)  Defendants removed the action to this Court on July 10, 2012, asserting this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity jurisdiction), and 1334 (bankruptcy jurisdiction).  (Not. of Removal ¶¶ 3–14.)  However, for the reasons set forth below, the Court concludes that Defendants have failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to state court.

**II.
DISCUSSION**

**A.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5919 GAF (SHx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Evelyn Tinoco et al | | |

12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

Additionally, federal courts have jurisdiction (1) on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and the matter is between citizens of different states; and (2) over all cases under the Bankruptcy Code. See 28 U.S.C. §§ 1332(a), 1334(a).

**B. APPLICATION**

   **1. FEDERAL QUESTION JURISDICTION**

Defendants contend that the Court has jurisdiction under 28 U.S.C. § 1331. (Not. of Removal ¶¶ 8–14.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead

Case 2:12-cv-05919-GAF-SH   Document 6   Filed 08/09/12   Page 3 of 4   Page ID #:36

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5919 GAF (SHx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Evelyn Tinoco et al | | |

a federal cause of action. Nor is there any basis for finding that FNMA engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Accordingly, the Court determines that it does not have federal question jurisdiction over this case.

### 2. DIVERSITY JURISDICTION

Defendants allege that the Parties are citizens of different states because Defendants are citizens of California and FNMA is not a citizen of California. (Not. of Removal ¶¶ 4–6.) Defendants do not affirmatively allege FNMA's state of citizenship, and other courts have questioned whether FNMA, which is incorporated under federal law and has its principal place of business in Washington, D.C., see 12. U.S.C. § 1717(a)(1), has citizenship for purposes of diversity jurisdiction. See, e.g., Singh v. Federal Nat. Mortg. Ass'n, No. CV 10-1918 AHM (DTBx), 2011 WL 166337, at *1 (C.D. Cal. Jan 13, 2011). Defendants cannot, in any event, meet the amount in controversy requirement. Because Plaintiff is seeking damages in daily rent, the appropriate dollar amount in determining the amount of controversy is the rental value of the property, not the value of the property as a whole. Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008). Thus, the amount in controversy in this action, as of today, is $15,700.00. Although Defendants vaguely allege that their own damages exceed $75,000, the amount in controversy is determined from the face of the complaint. See, e.g., Cabot v. Combet-Blanc, No. CV 10–05728–ODW (AJWx), 2012 WL 95613, at *2 (C.D. Cal. Jan. 11, 2012). Thus, Defendants cannot establish the minimum amount in controversy. Accordingly, diversity jurisdiction is lacking in this case.

### 3. BANKRUPTCY JURISDICTION

Under 28 U.S.C. § 1334, "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a)(1). This unlawful detainer action, which arises under state law, plainly is not a "case[] under title 11."

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5919 GAF (SHx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Evelyn Tinoco et al | | |

### III.
### CONCLUSION

For the foregoing reasons, Defendants have not established federal subject matter jurisdiction in this case.  Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**